**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO LIONEL CABRERA, AKA Marco Tulio Mendez-Orizaba, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-72673 <br><br> Agency No. A076-700-099 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 6, 2015
Pasadena, California

Before: D.W. NELSON, TASHIMA, and CLIFTON, Circuit Judges.

Hugo Lionel Cabrera ("Cabrera") petitions this court for review of the Board

of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration

Judge's ("IJ") order of removal.  We have jurisdiction under 8 U.S.C. § 1252, and

we grant the petition and remand the case to the BIA.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The BIA erred in concluding Cabrera was ineligible for asylum because he was not singled out from the crowd at the protest where he was shot by the Guatemalan police. Specifically, the BIA concluded Cabrera could not show past persecution, agreeing with the IJ that Cabrera "ha[d] not shown that he was singled out during the 1994 incident in which [Cabrera], among others, was shot by anti-riot squad police at a demonstration of 3000 student activists." As the BIA noted, we have held petitioners generally cannot establish eligibility for asylum based on "acts of random violence" against a group of people "unless they are singled out on account of a protected ground." *Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001). However, Cabrera need not show he was the only person targeted on account of a protected ground in order to establish his eligibility for asylum based on past persecution. *See Mengstu v. Holder*, 560 F.3d 1055, 1058 (9th Cir. 2009) ("[I]t is irrelevant whether one person, twenty persons, or a thousand persons were targeted or placed at risk, so long as there is a nexus to a protected ground." (internal citation and quotation marks omitted)). As long as Cabrera can demonstrate that the crowd of protesters was targeted, at least in part, on the basis of its political opinion, he can satisfy the "on account of" prong of asylum eligibility.

The BIA also erred in concluding Cabrera's harm was not inflicted by agents the Guatemalan government was unable or unwilling to control. As the

government conceded, Cabrera's "claim does not fail because the [Guatemalan] government was unable and unwilling to control the police."

The BIA did not determine either whether the crowd was targeted on account of its political opinion or whether the harm Cabrera suffered rose to the level of persecution. Accordingly, we remand the case to the BIA to make these determinations in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam).

The BIA also should reconsider Cabrera's claim for withholding of removal after it determines whether he has suffered past persecution. *Cf. Ahmed v. Keisler*, 504 F.3d 1183, 1199 (9th Cir. 2007) (establishing past persecution entitles a petitioner to a presumption of eligibility for withholding of removal).

As to Cabrera's claim pursuant to the Convention Against Torture, we agree with the government that the record does not compel the conclusion that Cabrera will "more likely than not . . . be tortured if removed" to his country of origin. *See id.* at 1200. Accordingly, the BIA did not err in dismissing Cabrera's appeal on this ground.

Finally, we conclude Cabrera did not suffer any violations of his due process rights in his hearing before the IJ. Even assuming Cabrera has exhausted his claims, Cabrera cannot establish the required prejudice for any of his alleged due

3

process violations. *See Oshodi v. Holder*, 729 F.3d 883, 896 (9th Cir. 2013) (en banc). Thus, the BIA did not err in denying Cabrera's due process claims.

**PETITION FOR REVIEW GRANTED AND REMANDED.**